## Case No. 2,547.

### In re CENTRAL BANK.

[6 N. B. R. (1873) 207.] [1]

District Court, E. D. New York.

BANKRUPTCY—RESTRAINING ASSIGNEE FROM PROSECUTING SUIT IN STATE COURT.

A petition was filed by a creditor to restrain the assignee in bankruptcy from prosecuting a certain action of law in the supreme court of New York state to recover the payment of money made contrary to the provisions of the thirty-ninth section of the bankrupt act, [14 Stat. 536], claiming to recover back the amount so paid. *Held*, that said act is the law of the state courts as well as of the national tribunals, and if by virtue of that act the state court has no jurisdiction in the action brought against the petitioners, it will so decide upon proper plea and that no reason appears to compel the assignee to resort to the national tribunals instead of those of the state.

[Cited in Payson v. Dietz, Case No. 10,861.]

In bankruptcy.

A. W. Gazzam, for Chatham Bank.

BENEDICT, District Judge. This case came before me on a petition filed on behalf of the Chatham National Bank, in which they seek to obtain from the court, an order restraining the assignee in bankruptcy of the Central Bank from prosecuting in the supreme court of this state, a certain action of law which he has there commenced against the petitioners, to recover of them the amount of a payment of money which the assignee claims to have been a preferential payment, made contrary to the provisions of the thirty-ninth section of the bankrupt act, and which he therefore claims to recover back by virtue of the provisions of the bankrupt act. The application is based upon the ground that the state tribunals are without jurisdiction to entertain such an action as the one referred to. I do not so understand the law. The provision of the second chapter of the bankrupt act does indeed confer upon the district and circuit courts jurisdiction of certain actions, but I have never supposed the effect of that section to be to oust the jurisdiction of the state courts. Moreover, in such a case as the one under consideration, the bankrupt act is the law of the state courts as well as of the national tribunals, and if by virtue of that act the state court has no jurisdiction in the action brought against the petitioners, it will so decide upon proper plea. I think the question of jurisdiction should be there decided, and that no reason appears for the exercising of the restraining power of this court over the assignee, to compel him in a case like this to resort to the national tribunals instead of those of the state.